NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE SCE GROUP, INC., <br><br> Plaintiff, <br> v. <br><br> ROBERT GARSON, ESQ., YONI GARSON, GARSON, SEGAL, STEINMETZ, FLADGATE LLP, and JOHN and JANE DOES Nos. 1–10, being unknown Attorneys, Partners, Shareholders, and Associates of GARSON, SEGAL, STEINMETZ, FLADGATE LLP <br> Defendants. | Civil Action No.: 21-cv-19944 <br><br> OPINION |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court upon defendants Robert Garson, Esq. ("Garson") and Garson, Segal, Steinmetz, Fladgate LLP's ("GS2Law," and collectively with Garson, "Defendants") motion to dismiss plaintiff The SCE Group, Inc.'s ("Plaintiff") Complaint (ECF No. 1 at Ex. A, "Compl."). Defendants seek dismissal for: i) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); ii) improper forum under the doctrine of Forum Non Conveniens; iii) failure to bring this action in a timely manner within the applicable statute of limitations; and iv) failure to state a claim for which relief can be granted under Rule 12(b)(6). *See* ECF No. 10–2 ("MTD"). Plaintiff opposed Defendants' motion (ECF No. 18, "Opp."), and Defendants replied (ECF No. 20, "Reply"). The Court has considered the submissions made in support of and in opposition to the motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Defendants' motion and dismisses Plaintiff's complaint without prejudice for lack of personal jurisdiction.

## II. <u>BACKGROUND</u>

The instant action alleges professional negligence and the unauthorized practice of law arising out of Defendants' alleged representation of Plaintiff during its acquisition (the "acquisition") of Cyber Reliance Advisors, Inc. d/b/a Cayden Security ("Cayden"). Plaintiff is a global cybersecurity services firm incorporated in Delaware with its principal place of business located at 500 Linwood Drive, Suit 1J, Fort Lee, New Jersey 07024. Compl. ¶¶ 1, 8. Cayden also is incorporated in Delaware with its principal place of business located at 40 Technology Drive, Warren, New Jersey 07059. *Id.* ¶ 10; Opp. at 9; ECF No. 10–1, Ex. B ("Garson Affid.") ¶ 26. Plaintiff avers that Garson is a resident of New York (Compl. ¶ 3), and that GS2Law is a limited liability partnership authorized and engaged to practice law only within the state of New York. *Id.* ¶ 6. In his sworn affidavit accompanying the instant motion, Garson asserts that he is a resident of Florida and that GS2Law also maintains an office in Florida in addition to New York. Garson Affid. ¶¶ 3–4. Neither Garson nor any individual associated with GS2Law who is alleged to have represented Plaintiff in connection with this acquisition maintains a license to practice law in New Jersey. Compl. ¶ 13; Garson Affid. ¶¶ 5–9.

The relationship between Plaintiff and Defendants allegedly began in July 2010, when Plaintiff purportedly engaged the services of Defendants to assist in establishing Plaintiff's business presence in the United Kingdom. Compl. ¶ 9. Plaintiff claims, by way of sworn affidavit of its CEO, Ben Massin, that Garson approached Massin in New Jersey about retaining GS2Law to complete this UK-based legal work on behalf of Plaintiff. ECF No. 18–2 ("Massin Affid.") ¶¶ 1, 8. Plaintiff contends that, upon conclusion of the UK-based representation, Defendants' legal representation of Plaintiff was complete. *Id.* ¶ 9.

Nevertheless, after the 2010 representation concluded, the parties had further contact in 2017, when Plaintiff purportedly engaged Defendants to effectuate the acquisition of Cayden. *Id.* ¶¶ 10, 12; Compl. ¶ 10. Plaintiff states that it "sought to engage" Defendants in order to secure their representation for the Cayden acquisition.[1] *See* Opp. at 9; Massin Affid. ¶ 10; Garson Affid. ¶ 27 ("CEO, Ben Massin, requested that I represent [Plaintiff] in the negotiation and papering of the transaction, specifically focusing on the preparation of a share purchase agreement and investment documents"). In connection with Plaintiff's alleged request to engage Defendants, Garson supposedly "expressed concern" about undertaking the acquisition given that he was not licensed to practice law in New Jersey. Compl. ¶ 12; Massin Affid. ¶ 12. Ultimately, Garson determined that Defendants were able to represent Plaintiff in the acquisition and they proceeded to do so. *Id.*

Plaintiff claims that as part of this representation, Garson: (1) oversaw and conducted negotiations; and (2) drafted and implemented a Share Purchase Agreement ("SPA") with the Cayden shareholders in connection with the acquisition. Compl. ¶ 14.[2] During this representation, Defendants are accused of having regular contact with Plaintiff's officers in New Jersey, including participation in more than two hundred forty (240) email exchanges and fifteen (15) conference calls concerning the acquisition. Opp. at 10; Massin Affid. ¶¶ 15–16. Defendants also purportedly sent their invoice for legal work performed in connection with the acquisition to Plaintiff's address

---

[1] Garson additionally states in his affidavit that GS2law has "never solicited business in New Jersey." Garson Affid. ¶ 10.

[2] Plaintiff also alleges that Defendants engaged non-moving defendant Yoni Garson to assist with legal work in connection with the acquisition, despite his lack of license to practice law in the United States. Compl. ¶ 15. Plaintiff brings its third of three causes of action solely against Yoni Garson for the unauthorized practice of law (*id.* ¶¶ 65–69), however, it appears that Yoni Garson has not been served with the Complaint. ECF No. 1 ("Notice of Removal") ¶ 26. Accordingly, the Court will not consider this cause of action on the instant motion to dismiss.

in New Jersey. *Id.* Defendants assert, however, that all meetings between the parties occurred in New York, all legal services rendered were performed in New York, and no representative of GS2Law ever met with Plaintiff or its representatives in New Jersey in connection with the acquisition. Garson Affid. ¶¶ 19, 21, 25. Moreover, Defendants claim to have negotiated the acquisition without any regard for New Jersey law, given that they worked directly with Dain Delaney – an attorney for Cayden based in North Carolina and not admitted to practice in New Jersey – and collectively determined that the SPA would be governed by Delaware state law. *Id.* ¶ 29–31; ECF No. 10–1, Ex. D ("SPA") ¶ 8.2, p. 31.

Plaintiff avers that, during the course of Defendants' legal representation, Garson and GS2Law committed several critical errors in connection with the acquisition leading to substantial economic loss. *See generally* Compl. Plaintiff alleges that Defendants breached their professional duty of care by failing to include within the SPA sufficient protections of Plaintiff's interests, and by neglecting to ensure that Cayden complied with the terms of the SPA during and subsequent to the acquisition. *Id.* ¶ 53–57.

Plaintiff filed the instant action on October 12, 2021 in the Superior Court of New Jersey, Bergen County. *See* ECF No. 1, ¶ 1. On November 1, 2021, Defendants removed the case to this Court on grounds that the federal courts have original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the parties and the amount in controversy exceeding $75,000. *Id.* ¶¶ 5–23. In the Complaint, Plaintiff seeks judgment against Defendants for compensatory damages; treble, consequential and incidental damages; lost profits; interest; costs of suit; attorneys' fees; and other such relief as this Court deems just and proper. Compl. ¶¶ 59, 64. On December 16, 2021, Defendants moved to dismiss this action for, among other reasons,

4

lack of personal jurisdiction in the Federal District Court of New Jersey. *See generally* MTD. Plaintiff filed an opposition on January 19, 2022, and Defendants replied on February 14, 2022.

### III. LEGAL STANDARD

The Court must grant a defendant's motion to dismiss under Rule 12(b)(2) if the Court does not maintain personal jurisdiction over the defendant. Once a defendant challenges personal jurisdiction in this manner, the burden of establishing personal jurisdiction shifts to the plaintiff. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citations omitted). Where the court chooses not to conduct an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992) (citations omitted). Accordingly, to defeat a defendant's 12(b)(2) motion where the defendant has produced an affidavit or other competent evidence that asserts facts contrary to the jurisdictional allegations of the complaint, the burden is on the plaintiff to make a prima facie showing "through sworn affidavits or other competent evidence" that the jurisdictional facts exist. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n. 9 (3d Cir.1984). In deciding a motion to dismiss, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank*, 954 F.2d at 142 n. 1.

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the

typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002).

### IV.    DISCUSSION

Defendants argue for dismissal of the Complaint on grounds that they are not subject to personal jurisdiction in this Court. *See generally* MTD. A district court may exercise either general or specific personal jurisdiction over a defendant. *Abel v. Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008). General jurisdiction exists where the defendant maintains continuous and systematic contacts with the forum as to render them essentially "at home" in the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014); *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987).

The Court first considers whether it maintains general personal jurisdiction over Garson in his individual capacity. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Plaintiff has not established that Garson, an individual, is domiciled in New Jersey. Plaintiff merely asserts that Garson formerly resided in New Jersey (Massin Affid. ¶ 8), but makes no allegations regarding Garson's subsequent state(s) of residence. Garson asserts by affidavit that he has been a resident of Florida since June 2020, which predates the filing of Plaintiff's suit. Garson Affid. ¶ 4. Accordingly, Plaintiff has not established through competent evidence this Court's general jurisdiction over Garson in his individual capacity.

Next, the Court considers whether it maintains general jurisdiction over GS2Law, a limited liability partnership organized under New York law. Garson Affid. ¶ 3. For general jurisdiction purposes, a partnership takes on the citizenship of each of its partner members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Swiger v. Allegheny*

6

*Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)). Although Plaintiff contends this Court "does not have sufficient information to make a ruling as to general jurisdiction," (Opp. at 16) it is the Plaintiff's burden to provide that information by way of competent evidence. Plaintiff has not alleged, let alone established, that any partner of GS2Law resides in New Jersey. Moreover, GS2Law asserts that its partners reside in Florida and New York, and that GS2Law "has never had any employees located in New Jersey." Notice of Removal ¶¶ 13–19; Garson Affid. ¶ 14. Thus, Defendants are not subject to general personal jurisdiction in this Court.

Given the lack of general jurisdiction, the Court next considers whether it maintains specific personal jurisdiction over Defendants. To establish a prima facie case of specific personal jurisdiction, Plaintiff must show: (1) Defendant "purposefully directed [its] activities at [New Jersey];" (2) Plaintiff's claims "arise out of or relate to at least one of those activities," and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal quotations and citations omitted). Under the first prong of this analysis, Plaintiff must establish that Defendant had sufficient minimum contacts with New Jersey. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A finding of minimum contacts requires the defendant to have "purposefully avail[ed]" itself of the laws and benefits of conducting business in New Jersey. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). It follows that a plaintiff must establish that the defendant purposefully availed itself of the forum to a degree "such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). Parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to personal jurisdiction in the other state. *Burger King Corp.*, 471 U.S. at 473. A defendant's actions must "create a 'substantial connection' with the forum

State" by engaging in "significant activities within a State," or creating "continuing obligations" between itself and forum residents. *Id.* at 475–76 (citations omitted).

Here, even accepting as true and construing all facts in Plaintiff's favor, the Court finds that Plaintiff has not met its burden of establishing minimum contacts between Defendants and New Jersey as to warrant the exercise of personal jurisdiction in this suit. The burden to produce actual evidence of Defendants' purposeful availment rests on the Plaintiff. *Time Share Vacation Club*, 735 F.2d at 66 n. 9. Here, Plaintiff submits a sworn affidavit which states that Defendants had the following contacts with New Jersey:

i) Garson approached Massin in 2009 regarding "his desire to represent [Plaintiff] in a legal capacity" (Massin Affid. ¶ 8);

ii) In July 2010, Plaintiff engaged Defendants to assist on the "specific task" of establishing business in the United Kingdom. Upon completion of this task, Plaintiff understood Defendants' legal represented had ceased (*Id.* ¶ 9);

iii) In 2017, Plaintiff "reconnected" with Defendants with regard to the acquisition of Cayden (*Id*. ¶ 10)

iv) Defendants knew or should have known that Plaintiff was based in New Jersey particularly because Garson initially expressed concern about the representation given his lack of licensure in New Jersey. Garson ultimately conveyed that, "after looking into it," Defendants could represent Plaintiff in the acquisition (*Id.* ¶ 12);

v) Defendants sent their bill for legal services to New Jersey (*Id.* ¶ 13, Ex. B, ¶ 16), and received payment that originated in and was wired from New Jersey (*Id.* ¶ 20); and

vi) Defendants had regular email and phone contact with Plaintiff's officers in New Jersey throughout the representation (*Id.* ¶¶ 15–19);

For the reasons discussed below, these contacts do not collectively demonstrate that Defendants engaged in "significant activities" in New Jersey or "created continuing obligations" to Plaintiff such that those contacts are sufficient to conclude that they purposefully availed themselves of conducting business in the state.  *See Burger King*, 471 U.S. at 475–76.

  First, the Court holds that Defendants' contacts with the forum state were merely "normal incidents" of legal representation, and thus were insufficient to warrant specific personal jurisdiction.  Plaintiff relies on *Trinity Packaging Supply LLC v. Countrywide Pallet Inc.,* 2019 U.S. Dist. LEXIS 106515 (D.N.J. 2019) to argue that Defendants purposely availed themselves of New Jersey law by sending "hundreds of emails" to New Jersey, "particpat[ing] in numerous phone calls" with New Jersey clients using New Jersey telephone codes, and sending invoices to Plaintiff's New Jersey office.  Opp. at 19.  However, "'normal incidents' of legal representation, such as making phone calls and sending letters, do not, by themselves, establish purposeful availment to support the assertion of personal jurisdiction." *Asanov v. Gholson*, 209 F. App'x 139, 142 (3d Cir. 2006) (citing *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990); *see also IMO Indus., Inc.*, 155 F.3d at 259 n.3 (noting that the weight of authority among courts of appeal holds that phone calls and letters between a defendant and a plaintiff in the forum state, without more, do not provide sufficient minimum contacts to satisfy due process).  Additionally, to place jurisdictional significance on the forum from which funds were remotely transferred, as Plaintiff attempts here (Opp. at 21–22), ignores the realities of modern banking.  *See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 745 F.2d 208, 210, 215 (3d Cir. 1984) (holding that accepting payment from a client in a particular state does not constitute purposeful availment of privileges in that state for purposes of personal jurisdiction.").  Accordingly, Plaintiff has not established facts showing Defendants' contacts with New Jersey -- largely in the form of emails, phone calls,

and invoices sent to their New Jersey-based client -- rose above "normal incidents" of legal representation to warrant specific personal jurisdiction.

Second, the Court declines to exercise specific personal jurisdiction because Plaintiff reached over state lines to solicit Defendants' legal representation from outside the forum. The majority of courts to address this issue have declined to exercise specific jurisdiction where, as here, Defendants did not actively seek to conduct legal business in the forum state. *Newsome v. Gallacher*, 722 F.3d 1257, 1280 (10th Cir. 2013) (collecting cases and holding that an out-of-state attorney "does not purposefully avail himself of the client's home forum's laws and privileges, at least not without some evidence that the attorney reached out to the client's home forum to solicit the client's business"); *DeFazio v. Wells Fargo Bank Nat'l Assoc.*, No. 20–375, 2020 WL 1888252, at *8 (D.N.J. Apr.16, 2020) (declining to exercise specific jurisdiction where Plaintiff presented "no evidence that the [] Defendants solicited clients in New Jersey, either in general or specifically targeted to the transaction underlying the suit."). Here, Plaintiff has not presented any evidence establishing that Defendants solicited Plaintiff's business in New Jersey. On the contrary, Plaintiff acknowledges that it "sought to engage" Defendants in order to secure their representation for the Cayden acquisition. *See* Opp. at 9; Massin Affid. ¶ 10; Garson Affid. ¶ 27 ("CEO, Ben Massin, requested that I represent [Plaintiff] in the negotiation and papering of the transaction, specifically focusing on the preparation of a share purchase agreement and investment documents").[3]  Moreover, Defendants conducted all meetings with Plaintiff in New York,

---

[3] Insofar as Plaintiff argues that this Court maintains specific jurisdiction because Garson approached Plaintiff about providing legal services in 2009 (Opp. at 8; Massin Affid. ¶ 8), this allegation is far too attenuated to confer specific jurisdiction over Defendants in the instant and entirely unrelated action. Moreover, Plaintiff concedes that the legal relationship formed by this initial contact was terminated upon the conclusion of the "specific task" contemplated in 2010, more than a decade ago. Massin Affid. ¶ 9.

performed all acquisition related legal work at GS2Law's New York office, negotiated with Cayden exclusively in New York and North Carolina, and drafted the SPA pursuant to Delaware law rather than New Jersey law. Accordingly, Plaintiff has failed to establish that Defendants' contacts are the result of their purposeful direction into New Jersey.

Lastly, to the extent Plaintiff argues that Defendants are subject to specific personal jurisdiction because of their knowledge of Plaintiff's domicile in New Jersey, this District rejected a similar issue in *Defazio*, 2020 WL 1888252, at *7. There, like here, Plaintiff attempted to establish specific jurisdiction over a law firm defendant in a legal malpractice suit by alleging that the defendant firm "undertook the representation knowing that [plaintiff] resided in New Jersey and because they affirmatively initiated email communications directed to [plaintiff] in New Jersey." *Id.* The court was unpersuaded by this argument, holding that the only relevant "suit-related conduct" linking the defendant firm to New Jersey was their communication with a New Jersey resident, which occurred primarily by email. Thus, as in *Defazio*, this Court declines to exercise specific jurisdiction over Defendants based only on their "knowledge" that Plaintiff resided in New Jersey.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 10–2) is granted.[4] The Complaint is dismissed without prejudice for lack of personal jurisdiction. An appropriate Order follows this Opinion.

**DATED**: July 26th, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

---

[4] Having determined that Plaintiff has not sufficiently demonstrated personal jurisdiction over this claim, the Court need not consider Defendants' alternative grounds for dismissal as argued in the instant motion.