UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE SCE GROUP, INC., | : |
| Plaintiff, | : Civil Action No. 21-19944 (JKS) |
| v. | : |
| ROBERT GARSON, et al., | : REPORT & RECOMMENDATION |
| Defendants. | : |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Fischer Porter & Thomas, P.C. (the "Petitioner"), former attorneys of record for The SCE Group, Inc. (the "Plaintiff") seeking to enforce a retainer agreement and statutory charging lien. *See* Dkt. No. 69. Plaintiff, through a representative, filed an affidavit in opposition of the motion[1]. *See* Dkt. No. 74. Petitioner filed a letter in response. *See* Dkt. No. 75. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Claire C. Cecchi, U.S.D.J., referred the present Motion to the undersigned for Report and Recommendation.[2] Having considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78, for good cause shown and for the reasons set forth herein, it is respectfully recommended that Petitioner's motion to enforce the retainer agreement and statutory charging lien [Dkt. No. 69] be **DENIED**.

**I.     BACKGROUND**

Plaintiff initiated this action by filing a Complaint in the Superior Court of New Jersey, Bergen County, alleging professional negligence and unauthorized practice of law against

---

[1] Benjamin Z. Massin, the President and CEO of Plaintiff, swore to the facts outlined in the affidavit.
[2] After the motion was referred, this matter was reassigned to the Honorable Jamel K. Semper, U.S.D.J. *See* Dkt. No. 77.

Defendants Robert Garson, Yoni Garson, and Garson, Segal, Steinmetz, Fladgate LLP (collectively, the "Defendants") in connection with legal advice they provided regarding a transaction in which Plaintiff sought to purchase a business. *See* Dkt. No. 1 at ¶ 3. The matter was removed to this Court on November 11, 2021. *See* Dkt. No. 1. Upon removal to this Court, Defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See* Dkt. No. 10. The Honorable Claire C. Cecchi, U.S.D.J. granted Defendants' motion and allowed Plaintiff to file an amended complaint to cure the deficiencies raised. *See* Dkt. Nos. 22 and 23. Plaintiff filed an amended complaint on August 19, 2022. Dkt. No. 24. Defendants again filed a motion to dismiss the amended complaint. *See* Dkt. Nos. 32 and 48. On February 2, 2023, Defendants filed a motion to stay discovery pending disposition of the motion to dismiss. *See* Dkt. No. 58. On May 4, 2023, the Court issued a letter order staying discovery pending a future conference with the parties. Dkt. No. 63.

On June 29, 2023, the Court referred this case to mediation and appointed Sheryl M. Goski as mediator. *See* Dkt. No. 64. In light of the mediation referral, the Court terminated the pending motions to dismiss [Dkt. No. 32] and to stay discovery [Dkt. No. 58]. On September 12, 2023, counsel for Plaintiff, Fischer Porter & Thomas, P.C., through attorney Arthur "Scott" L. Porter, Jr., Esq. filed a letter informing the Court that Plaintiff was retaining new counsel for this matter. *See* Dkt. No. 66. On September 14, 2023, Michael M. Cohen, Esq. was substituted as attorney for Plaintiff. Dkt. No. 67. On October 30, 2023, Petitioner sent Plaintiff a Pre-action Notice pursuant to R. 1:20A-6 of the New Jersey Court Rules, stating that Plaintiff owes $57,396.51 in outstanding invoices and that Plaintiff is entitled to initiate fee arbitration within thirty (30) days. *See* Dkt. No. 70. On October 31, 2023, before the thirty-day period had expired, Petitioner filed the pending

motion.³ Dkt. No. 69. On November 8, 2023, Plaintiff informed the Court they had properly requested fee arbitration within the thirty-day period. Dkt. No. 70.

As noted, Petitioner alleges in its motion that Plaintiff owes $57,396.51 in unpaid legal fees pursuant to the retainer agreement entered into by the parties. *See* Dkt. No. 69. The retainer agreement between Petitioner and Plaintiff "reflects a reduction in the Firm's hourly rates in exchange for a contingency amount of fifteen (15) percent of Plaintiff's net recovery." Dkt. No. 69-5 at p. 2. Petitioner seeks enforcement of a lien and payment of the retainer agreement in full or, alternatively, payment on a *quantum meruit* basis for the value and contribution of the services rendered. *Id.* at p. 5. Presumably, Petitioner is seeking to enforce a lien on Plaintiff's potential recovery. To date, litigation is ongoing and there has not been a recovery by Plaintiff.

In opposition, Benjamin Z. Massin, the President and CEO of Plaintiff, submitted an affidavit raising many concerns about the motion and alleging he has already paid Petitioner $86,580.02. *See* Dkt. No. 74. Additionally, Mr. Massin alleges that the amount of work and fees charged by Petitioner are unconscionable, he asserts a violation of certain Rules of Professional Conduct, and he raises concerns that "decisive decisions" were not cited by Petitioner in papers previously filed with the Court. *Id.* at p. 5.

On April 23, 2024, the Court was notified that the District IIA Fee Arbitration Committee declined to exercise jurisdiction over this dispute because the total amount of the legal fees at issue exceeds the $100,000.00 discretionary limit for Fee Arbitration Committee review. Dkt. No. 87.

---

³ The parties raise the procedural issue that the motion was filed before the expiration of the thirty-day period which a party can request fee arbitration. *See* Dkt. Nos. 83, 88. However, a party need not wait until the thirty-day period expires before filing a petition. *See Shalit v. Shalit*, 323 N.J.Super. 351, 353 (Ch. Div.1999) (stating that a petition to impose and enforce an attorney's lien for fees under N.J.S.A. § 2A:13-5 "need not await the passage of 30 days after service of the Pre-Action Notice. Determination and enforcement of such a lien, however, must await the 30 days, with the parties being restrained in the meantime from dissipating or distributing the funds upon which the lien is sought to be imposed.").

## II. DISCUSSION

Petitioner seeks to enforce a statutory charging lien under N.J.S.A. 2A:13-5, which provides:

> After the filing of a complaint…, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action…, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

Charging liens serve not only to protect attorneys that have successfully represented their clients but also attorneys that have rendered services and been replaced. *See, e.g., Toscano Law Firm, LLC v. Haroldson*, No. A-2909-17T2, 2020 WL 2374835, at *11 (N.J. Super. Ct. App. Div. May 12, 2020) ("An attorney hired on a contingent fee basis and later discharged ... may be entitled to recover on a *quantum meruit* basis for the reasonable value of the services rendered."). While the statute itself puts parties on notice that a lien may be claimed, the New Jersey Appellate Division has noted that "in the context of a withdrawing attorney who is handing over a file to a client or a substituting attorney…additional, specific notice of the intent to rely on N.J.S.A. 2A:13-5 is sensible and warranted." *Martin v. Martin*, 335 N.J. Super. 212, 223 (App. Div. 2000). In *Martin*, the court set forth the proper procedures for giving notice:

> Such notice…should be just that and should not take the form of an order purporting to establish the lien. A letter to the client, court, and substituting counsel would suffice as would properly worded language on or attached to the written substitution of attorney. It should set out the intent to rely upon N.J.S.A. 2A:13-5, the amount of fees being sought, the retainer agreement with the client, and the basis of the fee calculation.

*Id.* at 224.

Significantly, "notice of a claimed right to the lien should be given while the action is still pending, but actual entitlement to the lien may not be determined until a final judgment has been entered." *Singer Mgmt. Consultants v. Milgram*, No. CV073929DRDES, 2008 WL 11382287, at *3 (D.N.J. Dec. 29, 2008) (*citing Martin*, 335 N.J. Super. at 223); *Musikoff v. Jay Parrino's The Mint, L.L.C.,* 172 N.J. 133, 146 (2002) (holding that the Attorney's Lien Act does not require an attorney to file a petition to acknowledge and enforce an attorney lien prior to settlement or judgment in the matter that has given rise to the lien itself); *Martin*, 335 N.J. Super. at 225 ("The application should be made at the close of the litigation but prior to the entry of final judgment."); *Mateo v. Mateo*, 281 N.J. Super. 73, 79 (App. Div. 1995) ("Such a proceeding may be brought as a step in the main cause, but tried as a separate and distinct plenary action.").

More importantly, where there is no recovery, there is nothing to which the attorney's lien can attach. *Cole, Schotz, Bernstein, Meisel & Forman, P.A. v. Owens*, 292 N.J. Super. 453, 460 (App. Div. 1996) (*citing Wheeler v. Wheeler*, 52 N.J.Super. 504, 508 (App.Div.1958) (finding the attorney's lien did not apply because plaintiff had recovered nothing to which the lien could attach). *See Martin*, 335 N.J. Super. at 225 ("Under the statute, the lien attaches to the judgment, decision, award, etc., in gross, not to specific assets."); *Galluccio v. Pride Indus., Inc.*, No. 115CV03423NLHAMD, 2020 WL 3496914, at *3 (D.N.J. June 29, 2020) ("An attorney's right to recover counsel fees under N.J.S.A. 2A:13–5 is an inchoate right, vesting only after a final judgment has been entered, and its enforcement is subject to equitable considerations.") (*citing Sauro v. Sauro*, 42 A.3d 227, 238 (N.J. Super. App. Div. 2012) (explaining that "[a]s with all equitable remedies, the lien is not mechanically imposed upon a mere showing of procedural compliance.)).

Here, the Court finds that it is premature to enforce a statutory lien. First and foremost,

litigation is ongoing, and there is no recovery by way of final judgment or settlement to which the lien may attach. After the complaint is filed, an attorney does indeed have a lien for compensation. However, the plain language of the statute is clear that the lien "shall attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof." *See* N.J.S.A. 2A:13-5. The Court cannot enforce a lien that has not yet attached to anything. Furthermore, Petitioner seeks an attorney's fee lien through a motion, notwithstanding that "it has been held that simply moving for an attorney's lien pursuant to N.J.S.A. 2A:13-5, as distinguished from filing a complaint demanding a fee, is not the proper way to establish an attorney's lien." *Martin*, 335 N.J. Super. at 223. When seeking enforcement under the statute, "these matters cannot be tried in a summary proceeding." *Id.; see Begelman & Orlow, P.C. v. Ferara*, No. CV 12-329, 2012 WL 12887090, at *6 (D.N.J. Mar. 15, 2012) (concluding "that enforcement of an attorney's lien pursuant to N.J.S.A. 2A:13-5 by way of Plaintiff's motion would be inappropriate"). [4] Therefore, Petitioner's request is denied.

 For the same reasons stated above, Petitioner's request to enforce the retainer agreement in full or on a *quantum meruit* basis is also premature. Because litigation is ongoing, it too early to determine how much of Petitioner's work contributed to the overall completion of the case. The retainer agreement between Petitioner and Plaintiff asserted that the overall fee would be "blended," including a reduced hourly rate and fifteen percent of any recovery. Though Petitioner asserts that $57,396.51 is owed on the number of hours completed, Plaintiff has raised issues as to the quality and reasonableness of Petitioner's representation. Therefore, we cannot yet determine whether the hours incurred were crucial in bringing the case to a close. Additionally, the fifteen

---

[4] In its motion, Petitioner references the procedural mechanics of perfecting and enforcing a statutory lien based on the standard set out in *H. & H. Ranch Homes, Inc. v. Smith*, 148 A.2d 837, 840 (N.J. Super. App. Div. 1959). Because the Court finds this matter is premature on other grounds, we do not discuss the procedural steps of perfecting and enforcing a lien.

percent contingency fee cannot be determined because there is no recovery at this time. There is still a motion to dismiss to be decided, possible discovery to be done, and more costs and expenses to be incurred by the parties. As such, Petitioner's request is denied.

Although the Court finds the enforcement of the retainer agreement and lien premature at this point, Petitioner is not barred from attempting to recover the monies in the future. *See Singer Mgmt. Consultants*, 2008 WL 11382287 at *3 (denying, without prejudice, prior counsel's request to file a motion for prevailing party fees but permitting counsel to renew its request if and when there is a final judgment.); *Levine v. Levine*, 884 A.2d 222, 227 (N.J. Super. Ct. App. Div. 2005) ("The lien may be asserted even after the proceeds of the underlying action have been disbursed.").

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 7th day of June, 2024,

**RECOMMENDED** that Petitioner's motion seeking to enforce the retainer agreement and statutory charging lien [Dkt. No. 69] be **DENIED without prejudice.**

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

 s/ James B. Clark, III  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**