**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE SCE GROUP,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT GARSON, ESQ., et al.,<br><br>*Defendants*. | Civil Action No. 21-19944<br><br>**OPINION**<br><br>March 25, 2025 |

**SEMPER**, District Judge.

  **THIS MATTER** having come before this Court upon Defendants' Robert Garson, Esq. ("Garson") and Garson, Segal, Steinmetz, Fladgate LLP's ("GS2Law") motion to dismiss The SCE Group, Inc.'s ("Plaintiff") First Amended Complaint (ECF 24, "FAC") seeking dismissal for i) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); ii) improper forum under the doctrine of Forum Non Conveniens; iii) failure to bring this action in a timely manner within the applicable statute of limitations; and iv) failure to state a claim for which relief can be granted under Rule 12(b)(6). (ECF 32, "Def. Motion").  Plaintiff opposed Defendants' motion. (ECF 37 "Opp.")  Defendants replied.  (ECF 38, "Def. Reply").  Defendant Yoni Garson ("Yoni" and collectively with Garson and GS2Law, "Defendants") also filed a brief in support of the motion to dismiss (ECF 48, "Yoni Br.").  Plaintiff filed an opposition (ECF 50, "Opp. II") to which Yoni replied (ECF 54, "Yoni Reply").  The Court considered the FAC and Defendants' and Plaintiff's submissions, and reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and

**WHEREAS** Plaintiff's FAC alleges claims that stem from professional negligence and the unauthorized practice of law arising out of Defendants' alleged representation of Plaintiff during its acquisition (the "acquisition") of Cyber Reliance Advisors, Inc. d/b/a Cayden Security ("Cayden"). (Opp. at 5.) Plaintiff is incorporated in Delaware with its principal place of business located at 500 Linwood Drive, Suite 1J, Fort Lee, New Jersey 07024. (FAC ¶ 9.) Plaintiff avers that Garson is a resident of New York and is not licensed to practice law in New Jersey, and that GS2Law is a limited liability partnership authorized to practice law only within the state of New York.[1] (*Id.* ¶¶ 10, 11, 14.) Plaintiff also avers that Yoni Garson, brother of Robert Garson, resides in Australia and is not licensed to practice law in New Jersey. (*Id.* ¶ 12.) Neither Garson, Yoni, nor any individual associated with GS2Law who is alleged to have represented Plaintiff in connection with the acquisition maintains a license to practice law in New Jersey. (FAC ¶¶ 10, 12, 14); and

**WHEREAS** Plaintiff "sought to engage" Defendants to represent Plaintiff in the acquisition of Cayden in 2017.[2] (*Id.* ¶ 19.) Garson "expressed concern" about undertaking the acquisition given that he was not licensed to practice law in New Jersey.[3] (*Id.* ¶ 20.) Ultimately, Garson determined that Defendants were able to represent Plaintiff in the acquisition and

---

[1] In his sworn affidavit accompanying the instant motion, Garson asserts that he has been a resident of Florida since 2020. (ECF 32-2, "Garson Affid." ¶ 3.)

[2] Plaintiff's relationship with Defendants allegedly began in July 2010, when Plaintiff engaged the services of Defendants to assist in establishing Plaintiff's business presence in the United Kingdom. (FAC ¶ 17.) Plaintiff claims by way of sworn affidavit of its CEO that Defendants' legal representation was complete upon conclusion of the UK-based representation, until Plaintiff solicited Defendants' services to effectuate the Cayden acquisition in 2017. (ECF 18-2, "Massin Affid." ¶¶ 1, 8.)

[3] Garson additionally states in his affidavit that he "never travelled to New Jersey for the purpose of discussing any legal representation with" Plaintiff's CEO, Ben Massin (Garson Affid. ¶ 14), and that neither he nor GS2law "has ever solicited business Mr. Massin for legal work." (*Id.* ¶ 2.)

proceeded to do so. (*Id.*) Specifically, Defendants were responsible for (1) overseeing and conducting negotiations and (2) drafting and implementing a Share Purchase Agreement ("SPA") with the Cayden shareholders. (*Id.* ¶ 21.) Plaintiff contends that over the course of their representation, Defendants had regular contact with Plaintiff's officers in New Jersey through two hundred forty (240) email exchanges and fifteen (15) conference calls concerning the acquisition. (*Id.* ¶¶ 22, 24.) Defendants also purportedly sent their invoice for legal work performed in connection with the acquisition to Plaintiff's address in New Jersey. (*Id.* ¶ 24); and

**WHEREAS** Plaintiff filed the instant action in state court in Bergen County (ECF 1, "Notice of Removal" ¶ 1), and Defendants removed to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶¶ 5–23.) On July 26, 2022, Judge Cecchi dismissed Plaintiff's original Complaint for lack of personal jurisdiction over Defendants Garson and GS2Law. (ECF 22, "Cecchi Op.") Judge Cecchi found that Plaintiff had not met its burden of establishing minimum contacts between Defendants and New Jersey as to warrant the exercise of personal jurisdiction over Defendants for these claims. (*Id.* at 8.) Judge Cecchi found that Defendants' contacts with the forum state were merely "normal incidents of legal representation" and thus insufficient to warrant specific personal jurisdiction, *see Asanov v. Gholson*, 209 F. App'x 139, 142 (3d Cir. 2006). Judge Checchi also declined to exercise jurisdiction because Plaintiff reached over state lines to solicit Defendants' legal representation. (Cecchi Op. at 10.) In an accompanying Order, Judge Cecchi granted Plaintiff leave to file an amended complaint "to cure the pleading deficiencies identified in the Court's Opinion." (ECF 23, "Order".) Plaintiff attempts to do so here by proffering additional email and telephone communications between Defendants and Plaintiff, as well as additional visits that Defendants made to New Jersey to meet with Plaintiff's

3

CEO Ben Massin ("Massin") among other individuals, (FAC ¶ 18(a)-(l)), all of which occurred before 2017 and were unrelated to the acquisition giving rise to this suit; and

    **WHEREAS** the Court must grant a defendant's motion to dismiss under Rule 12(b)(2) if it does not maintain personal jurisdiction over the defendant. *See* FED. R. CIV. P. 12(b)(2). Once a defendant challenges personal jurisdiction in this manner, the burden of establishing personal jurisdiction shifts to the plaintiff. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citations omitted). A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002); and

    **WHEREAS** a district court may exercise either general or specific personal jurisdiction over a defendant. *Abel v. Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008). General jurisdiction exists where the defendant maintains "continuous and systematic" contacts with the forum "as to render them essentially 'at home' in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). For general jurisdiction purposes, a partnership takes on the citizenship of each of its partner members. *Zambelli Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). This Court has already found Defendants are not subject to this Court's general jurisdiction because Plaintiff

4

failed to provide evidence that Garson or any GS2Law partners reside in New Jersey.[4]  (Cecchi Op. at 6-7.)  Plaintiff now argues that the Court has general jurisdiction over Defendants not because they are domiciled in New Jersey, but because Defendants' contacts were "so continuous and systematic as to render both Defendants [Garson and GS2Law] at home in New Jersey." (Opp. at 27.)  Plaintiff provides sixteen allegations of Defendants' correspondence with New Jersey residents and alleged travel to New Jersey to support its position.[5]  (*Id.* at 27-29.)  But these sixteen alleged activities in the state and with its residents over the course of eight years do not constitute "continuous and systematic" contacts with the forum as to render Defendants "at home" in this forum.  *Daimler AG*, 571 U.S. at 121; *see also Chavez v. Dole Food Co*., 836 F.3d 205, 223 (3d Cir. 2016) (noting that after *Daimler* "it is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.")  The Plaintiff's current jurisdictional arguments are merely repackaged assertions that were rejected in Judge Cecchi's prior opinion declining to exercise jurisdiction over Defendants, who are non-resident attorneys and a non-resident law firm unauthorized to practice law in this forum; and

**WHEREAS** to establish that Defendants are subject to specific personal jurisdiction, Plaintiff must show: (1) Defendants "purposefully directed [their] activities at [New Jersey]," (2) Plaintiff's claims "arise out of or relate to at least one of those activities," and (3) "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at

---

[4] Robert Garson is a Florida resident, and each of GS2Law's partners are citizens of New York or Florida.  (Notice of Removal ¶¶ 12-20.)

[5] Robert Garson's sworn Affidavit addressed each of these allegations in detail, demonstrating that when Garson's initial work for Plaintiff concluded in 2012, Garson made only a handful of sporadic, unbilled and unpaid, non-work related and largely social visits to New Jersey, scattered across a period of eight years.  (Garson Affid. ¶¶ 4-13.)

317 (internal quotations and citations omitted).  Under the first prong of this analysis, Plaintiff must establish that Defendants had sufficient minimum contacts with New Jersey.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  A finding of minimum contacts requires the defendant to have "purposefully avail[ed]" itself of the laws and benefits of conducting business in New Jersey.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Plaintiff must establish that Defendants purposefully availed themselves of the forum to a degree "such that he should reasonably anticipate being haled into court there."  *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).  Parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to personal jurisdiction in the other state.  *Burger King Corp.*, 471 U.S. at 473.  A defendant's actions must "create a 'substantial connection' with the forum State" by engaging in "significant activities within a State," or creating "continuing obligations" between itself and forum residents, *id.* at 475–76 (citations omitted); and

**WHEREAS** Plaintiff relies on the same argument that Judge Cecchi previously rejected when she found that "Plaintiff has not met its burden of establishing minimum contacts between Defendants and New Jersey as to warrant the exercise of personal jurisdiction in this suit." (Cecchi Op. at 8.)  Though Plaintiff argues that numerous "calls and emails – on their own – establish specific jurisdiction through minimum contacts" (Opp. at 32), Third Circuit precedent dictates that courts "must focus on the relationship of the transaction giving rise to the lawsuit to the forum where the plaintiff[s] seek[] to litigate it." *Asanov*, 209 F. App'x at 142 (holding that "normal incidents of legal representation, such as making phone calls and sending letters, do not, by themselves, establish purposeful availment to support the assertion of personal jurisdiction.") (internal citations and quotations omitted).  Here, Defendants conducted all meetings with Plaintiff in New York, performed all acquisition related legal work at GS2Law's New York office,

6

negotiated with Cayden exclusively in New York and North Carolina, and drafted the SPA pursuant to Delaware rather than New Jersey law. (Cecchi Op. at 10-11.) Plaintiff once again has failed to provide facts sufficient to establish that Defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum state." *Burger King Corp.*, 471 U.S. at 475; and

    **WHEREAS** Plaintiff attempts to cure the pleading deficiencies of the original Complaint by providing more examples of communications and meetings between Plaintiff and Defendants before the acquisition in 2017. (FAC ¶ 18(a)-(l).) However, these new allegations only contain examples of social gatherings or investment-opportunity meetings in New Jersey which were all *unrelated to the acquisition*. (*See id.*) Plaintiff's claims do not "arise out of or relate to at least one of those activities" and therefore Plaintiff's additions to the FAC cannot establish specific personal jurisdiction. *O'Connor*, 496 F.3d at 317; and

    **WHEREAS** Plaintiff also brings claims against Defendant Yoni, who resides and practices law in Australia. (ECF 48-1, "Yoni Decl." ¶ 1). Plaintiff argues that "Defendant Yoni Garson purposefully directed contacts into the state of New Jersey via Defendants Robert Garson and GS2Law" by "reviewing" and "providing feedback on documents" related to the SPA.[6] (Opp. II at 13.) To the contrary, Yoni had no direct contact with Plaintiff or any other New Jersey residents. (Yoni Decl. ¶ 10.) Yoni's sole involvement in the acquisition was reviewing documents and providing general feedback on the SPA from his home in Australia to his brother in New York. (*Id.* ¶ 11.) All communications related to such review were conveyed through telephone calls and emails flowing between Australia and New York. (*Id.*) Thus, Yoni cannot be said to have

---

[6] Plaintiff argues only that Yoni is subject to the Court's specific, not general, jurisdiction. (Opp. II at 10.) It is undisputed that Yoni, a resident of Australia with a business address in Sydney, Australia, is not subject to the general jurisdiction of this Court. (FAC ¶¶ 12, 13.)

"purposefully avail[ed] [himself] of the privilege of conducting activities within the forum state" or "purposefully directed" his conduct at residents of a forum state or into a forum state. *Burger King Corp.*, 471 U.S. at 475-76; and

**WHEREAS** this Court therefore declines to exercise specific jurisdiction over Defendants Garson, GS2Law, and Yoni because Plaintiff has failed to establish that Defendants had sufficient minimum contacts with New Jersey to warrant the exercise of this Court's personal jurisdiction. *Int'l Shoe Co.*, 326 U.S. at 316. Having determined that Plaintiff has not sufficiently demonstrated that the Court maintains personal jurisdiction over Defendants, the Court need not consider Defendants' alternative grounds for dismissal; and

**IT IS**, on this 25th day of March 2025,

**ORDERED** that Defendants' motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (affirming dismissal with prejudice for lack of personal jurisdiction because Plaintiff could refile in the proper forum state). An appropriate order follows.

/s/ Jamel K. Semper  
**HON. JAMEL K. SEMPER**  
**United States District Judge**

Orig: Clerk  
cc: Parties  
　　James B. Clark, U.S.M.J.